FILED

2026 Jun-10  PM 02:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

**RENE ERNESTO MARTINEZ ALVARENGA,**
     Petitioner,

**v.**

**JORDAN POWELL**, **et al.**,
     Respondents.

**Case No. 7:26-cv-939-CLM-HNJ**

## MEMORANDUM OPINION

Petitioner Rene Ernesto Martinez Alvarenga has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). For the reasons stated within, the court **GRANTS IN PART** Martinez Alvarenga's petition for writ of habeas corpus (doc. 1), **DISMISSES** Jordan Powell, David Venturella, Markwayne Mullin, and Todd Blanche as Respondents, and **VACATES AS MOOT** the court's temporary restraining order (doc. 4).

## BACKGROUND

Martinez Alvarenga is a native and citizen of El Salvador. (*See* Doc. 8-1, p. 1). On September 23, 2016, Martinez Alvarenga entered the United States without being admitted or paroled by an immigration officer. (*See id.*). At the time, Martinez Alvarenga was a minor. (Doc. 1, ¶ 46). On May 29, 2026, Martinez Alvarenga, who is now 22-years-old, was stopped by police officers in Brookside, Alabama. (*Id.*, ¶¶ 46–47). Brookside Police called ICE to the scene of the traffic stop and Martinez Alvarenga was taken by ICE to the Pickens County Detention Center. (*Id.*, ¶ 48).

Through counsel, Martinez Alvarenga filed a habeas petition asserting that he (a) was entitled to immediate release because he was arrested without a warrant, and (b) was alternatively entitled to a bond hearing under 8 U.S.C. § 1226(a). (*See* Doc. 1, pp. 48–56). Martinez Alvarenga also moved for a temporary restraining order that would prevent Respondents from moving him outside this judicial district while the court considered the merits of his petition. (*See* Doc. 2).

Martinez Alvarenga's habeas petition and motion for temporary restraining order were docketed around 10:30 AM on June 2. At 2:10 PM, the court entered an order granting Martinez Alvarenga's motion for temporary restraining order because the court found that Martinez Alvarenga was likely to succeed on the merits of his claim that he was entitled to an individualized bond hearing. (*See* Doc. 4).[1] The next day, Respondents told the court that Martinez Alvarenga was flown to Winn Correctional Center in Louisiana at 11:05 AM on June 2. (*See* Doc. 7). So Martinez Alvarenga was outside this judicial district at the time the court issued its order enjoining Respondents from transferring him to another facility.

## DISCUSSION

In his habeas petition, Martinez Alvarenga pleads four counts, each of which presents a different reason why the court must order that Martinez Alvarenga either be immediately released or presented for a bond hearing. The court addresses the counts in the order Martinez Alvarenga pleaded them. But first, the court must find that it has jurisdiction to consider Martinez Alvarenga's petition.

### A.    Jurisdiction

The court must answer two jurisdictional questions: (1) Did Congress remove district courts' ability to consider § 2241 habeas petitions filed by persons awaiting removal hearings, and if not, (2) did Martinez Alvarenga file his petition in the right district against the right respondent?

### 1.    The Immigration Nationality Act ("INA")

Read plainly, several provisions of the INA seem to preclude this court from deciding the merits of Martinez Alvarenga's claims related to his alleged unlawful arrest and denial of a bond hearing. But as this court has noted, both the Supreme Court and Eleventh Circuit have found that the INA does not strip federal courts of jurisdiction to decide the extent of the Government's authority to detain noncitizens awaiting removal hearings. *See Ayala v.*

---

[1] The court also ordered Respondents to "produce the petitioner's complete immigration A-file." (Doc. 5, p. 1). The court agrees with Respondents that it doesn't need the complete A-file to resolve this petition, so the court relieves Respondents of the requirement to produce Martinez Alvarenga's A-file.

*Harper*, 2026 WL 501113, at *5 (N.D. Ala. Feb. 23, 2026). So the court finds that the INA does not deprive the court of the ability to consider the merits of Martinez Alvarenga's § 2241 petition.

### 2.     Location and Proper Respondent

The court must also decide whether this case was filed in the right district, against the right respondent.

*a) Location*: The habeas statute allows district courts to grant relief only "within their respective jurisdiction." 28 U.S.C. § 2241(a). The Supreme Court has held that the proper jurisdiction is determined by the petitioner's location at the time he filed his petition, and the district court does not lose jurisdiction if the Government moves the petitioner to another district. *Rumsfeld v. Padilla*, 542 U.S. 426, 440–41 (2004), *discussing Ex parte Endo*, 323 U.S. 283, 304–05 (1944).

Here, the Clerk's Office received Martinez Alvarenga's habeas petition at 7:44 PM on June 1 and docketed the petition at 10:27 AM on June 2. Around 30 minutes after the petition was docketed, Martinez Alvarenga was flown to Louisiana. Because Martinez Alvarenga was within this judicial when his attorney filed his habeas petition, the court finds that it has jurisdiction to consider the petition's merits even though Martinez Alvarenga is no longer within this district. *See id.*

*b) Custodian*: The proper respondent in a habeas action is "the person who has custody over" the petitioner. 28 U.S.C. § 2242. The Supreme Court reads this language as referring to the petitioner's "immediate custodian"; that is, the person who has immediate physical custody of the petitioner and can produce him if the court issues a writ. *See Rumsfeld*, 542 U.S. at 435–36.

Martinez Alvarenga names as respondents Jordan Powell, Brian Acuna, David Venturella, Markwayne Mullin, and Todd Blanche. As explained, Martinez Alvarenga is no longer housed at the Pickens County Detention Center. So Powell, the Pickens County Sheriff, is no longer the proper respondent. And the Supreme Court has held that the Attorney General and other "remote supervisory official[s]" are not proper respondents because they do not have immediate custody of the petitioner. *See id.* So Acting ICE Director

3

David Venturella, DHS Secretary Markwayne Mullin, and Acting Attorney General Todd Blanche are also improper respondents.

Only "the warden of the facility where the prisoner is being held" can be considered the immediate custodian and thus respondent. *Id.* at 435. Because Martinez Alvarenga is presently being held at ICE's Louisiana facility, the court finds that Brian Acuna, Acting Director, ICE New Orleans Field Office, is the proper respondent. So the court **DISMISSES** the other respondents: Jordan Powell, David Venturella, Markwayne Mullins, and Todd Blanche.

### B.    Merits

The court now moves to the merits of Martinez Alvarenga's claims, in the order he pleaded them.

### <u>Count 1</u>: Unlawful Arrest

In Count 1, Martinez Alvarenga asserts that his "seizure and detention are unlawful ab initio because [his] arrest violated the clear statutory framework established by Congress and the Fourth Amendment's prohibition on unreasonable seizures." (Doc. 1, ¶ 106). Thus, Martinez Alvarenga asserts that he is entitled to "immediate and unconditional release" from ICE custody. (*See id.*, ¶ 108).

One of my colleagues has recently explained why making this argument in a habeas petition misses the mark. *See A.E. v. Powell*, 2026 WL 782294, at *2–3 (N.D. Ala. Mar. 19, 2026). As noted by Judge LaCour, "habeas is not a vehicle to redress defects in an initial arrest; its function is to determine whether the petitioner may lawfully ***remain*** in custody." *See id.*, at *3 (citing *U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923)) (emphasis added). So "[i]f lawful grounds for detention exist, [Martinez Alvarenga] is not entitled to release even if there were flaws in his original arrest." *See id.*

The court will thus **DENY** Count 1's request for habeas relief.[2]

---

[2] Martinez Alvarenga doesn't dispute that he entered this country as an unaccompanied minor without being admitted or paroled by an immigration officer. So the court rejects the reply brief's argument that Martinez Alvarenga is entitled to release because the records produced by Acuna allegedly fail to justify the basis for Martinez Alvarenga's detention.

### Count 2: Unlawful Detention in Violation of a Binding Judgment

Martinez Alvarenga bases Count 2 on rulings issued by a sister court. (Doc. 1, ¶¶ 109–11). In *Maldonado Bautista*, the Central District of California found that 8 U.S.C. § 1225(b)(2) does not apply to aliens apprehended years after they unlawfully entered the United States. *See Bautista v. Santacruz*, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025). The court then certified a class of "[a]ll noncitizens in the United States without lawful status who (1) have entered the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Bautista v. Santacruz*, 2025 WL 3288403, at *1 (C.D. Cal. Nov. 25, 2025).

According to Martinez Alvarenga, he is a member of the *Maldonado Bautista* bond eligible class and thus the Government cannot deny him a bond hearing under 8 U.S.C. § 1225(b)(2). But finding that "[t]he government has made a strong showing that it is likely to succeed on its position that the district court exceeded its jurisdiction in certifying a nationwide class," the Ninth Circuit has stayed pending appeal the *Maldonado Bautista* class certification order. *See* Order, *Maldonado Bautista v. Executive Office for Immigration Review*, No. 25-7958, Dkt. 14 (9th Cir. Mar. 31, 2026). So *Maldonado Bautista* does not bind this court. *See id.*; *see also Ayala*, 2026 WL 501113, at *6–7.

The court thus **DENIES** Count 2's claim that *Maldonado Bautista* requires the court to grant Martinez Alvarenga habeas relief.

### Count 3: Statutory Violation

In Count 3, Martinez Alvarenga argues that he is entitled to a bond hearing under 8 U.S.C. § 1226(a) and is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). (Doc. 1, ¶ 112–18). Acuna concedes that under binding Eleventh Circuit precedent Martinez Alvarenga is detained under 8 U.S.C. § 1226(a) and is therefore entitled to a bond hearing. (*See* Doc. 8, p. 4 (citing *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. May 6, 2026)).

The court agrees with the parties. While the court continues to believe that aliens, like Martinez Alvarenga, who have resided in the United States without lawful admission are subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), *see Ayala*, 2026 WL 501113, at \*7–9, a panel of the Eleventh Circuit has held otherwise. *See Hernandez Alvarez*, 175 F.4th at 1262.[3] And this court must faithfully apply the Eleventh Circuit's interpretation of the law. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992).

Under *Hernandez Alvarez*, "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." 175 F.4th at 1276. So "§ 1226 supplies the default rule of detention for an alien arrested and detained in the interior, whether he is being removed on grounds of deportability or inadmissibility." *Id.* at 1280. And all agree that Martinez Alvarenga had been within the United States for 10 years when he was detained. Thus, Martinez Alvarenga's detention is governed by 8 U.S.C. § 1226. Because Martinez Alvarenga is detained under § 1226(a), he may seek a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("[A]liens detained under § 1226(a) receive bond hearings at the outset of detention.").

The court will therefore **GRANT** Martinez Alvarenga's request for habeas relief in Count 3 of his petition.[4]

## C.    Remedy

Though the court agrees with Martinez Alvarenga's assertion that he is entitled to habeas relief on his statutory claim, the court will not grant Martinez Alvarenga all of his requested relief. Martinez Alvarenga has proven that he is entitled to an individualized bond hearing. He has not proven that he is lawfully in this country or otherwise being unlawfully detained by ICE. So the court will not grant Martinez Alvarenga's request that he be "unconditionally released" from ICE custody.

---

[3] The Circuit Court is presently holding the mandate in *Hernandez Alvarez*.

[4] Because the court is granting Martinez Alvarenga habeas relief on his statutory claim, the court finds that it needn't address Count 4's assertion that Martinez Alvarenga's detention without bond violates the Due Process Clause.

The court also rejects Martinez Alvarenga's request that the court specify the burden of proof that the immigration judge who oversees his bond hearing must apply or enjoin Acuna or the immigration judge from subjecting Martinez Alvarenga to electronic monitoring upon his release from ICE custody. As Acuna notes, while this court has jurisdiction to determine the extent of the Government's detention authority, the court may not "set aside any action or decision by the Attorney General . . . regarding the detention of any alien or the revocation or denial of bond or parole." *See* 8 U.S.C. § 1226(e). So granting these requested remedies would likely both exceed this court's authority and be unnecessary to afford Martinez Alvarenga complete relief.

Next, the court agrees with Acuna's assertion that the court needn't order Martinez Alvarenga's return to Alabama. As discussed, this court retains jurisdiction over this habeas action even though Martinez Alvarenga is now in Louisiana, and Acuna is the appropriate respondent who the court can order to facilitate Martinez Alvarenga's bond hearing. Thus, the court will vacate as moot its temporary restraining order and allow Acuna to arrange for a bond hearing in Louisiana. The court recognizes Martinez Alvarenga's concern that a Louisiana-based immigration judge may deny bond based on the Fifth Circuit's determination that the detention of aliens like Martinez Alvarenga is governed by § 1225(b)(2)(A). *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026). But the court finds that it can alleviate these concerns by ordering that Martinez Alvarenga be released from custody if the immigration judge denies bond solely on the ground that § 1226 doesn't govern Martinez Alvarenga's detention, thus making his continued detention unlawful under current Eleventh Circuit precedent.

Having considered the parties' arguments and other grants of similar petitions for writ of habeas corpus filed within this district, the court finds it appropriate to order the following relief:

1. The court **ORDERS** Acuna to either (a) bring Martinez Alvarenga before an immigration judge for a bond hearing by **June 18, 2026**, or (b) release Martinez Alvarenga from custody.

2. If a bond hearing is conducted, the hearing must include—and the resulting order must reflect—consideration of all evidence properly submitted by Martinez Alvarenga and the factors announced in *In re Guerra,* 24 I. & N. Dec. 37 (BIA 2006).

3. Martinez Alvarenga's counsel must receive at least 48 hours' notice of the hearing, but only if she enters her appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice.

4. If either (a) Martinez Alvarenga is not given a bond hearing by **June 18, 2026**, or (b) an immigration judge denies bond for reasons that conflict with current Eleventh Circuit precedent (*i.e., Hernandez Alvarez*), then this court **ORDERS** that Acuna release Martinez Alvarenga with reasonable conditions of supervision.

5. The court **DIRECTS** Acuna to file a notice on or before **June 23, 2026,** reporting on the results of the individualized bond hearing or informing the court that Martinez Alvarenga has been released from custody.

## CONCLUSION

For these reasons, the court **GRANTS IN PART** Martinez Alvarenga's petition for writ of habeas corpus (doc. 1), **DISMISSES** Jordan Powell, David Venturella, Markwayne Mullin, and Todd Blanche as Respondents, and **VACATES AS MOOT** the court's temporary restraining order (doc. 4).

The court will enter a separate final judgment that carries out this ruling and closes this case.

**DONE** and **ORDERED** on June 10, 2026.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE